# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                        **CASE NO. 6:22-mj-06176-KGG**

**DANNY M. GRIFFIN,**

      **Defendant.**

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

### COUNT 1

**FENTANYL AND HEROIN CONSPIRACY**
**[21 U.S.C. § 846]**

From at least as early as March 22, 2022 and continuing through the present date, in the District of Kansas, the defendant,

**DANNY M. GRIFFIN,**

knowingly and intentionally combined, conspired, confederated and agreed together and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: (a) to possess with the intent to distribute, and distribute, a mixture and substance

containing a detectable amount of fentanyl and heroin, controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

In violation of Title 21, United States Code, Section 846.

## COUNT 2

### INTERSTATE TRAVEL IN AID OF RACKETEERING
### [18 U.S.C. § 1952(a)(3)]

From on or about March 22, 2022 and continuing to the present date, in the District of Kansas, and elsewhere, the defendant,

**DANNY M. GRIFFIN,**

did travel in interstate commerce, or did aid and abet another who had traveled in interstate commerce, with the intent to promote or carry on or facilitate the promotion or carrying on of an unlawful activity, that is the Possession of fentanyl and heroin with the Intent to Distribute.

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

I further state that I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and that this Complaint is based on the following facts:

See accompanying Affidavit, which is incorporated by reference as though set out in full herein, and offered in support of a finding that probable cause exists to believe the defendant, DANNY M. GRIFFIN, committed the offense set forth in this Complaint.

Aaron L. Chaffee
Special Agent, ATF

Sworn to before me and subscribed in my presence this 30 day of June, 2022, at Wichita, Kansas.

After reviewing this Complaint and the accompanying Affidavit, there is probable cause to believe that defendant, DANNY M. GRIFFIN, committed the offense set forth in this Complaint.

_____
HONORABLE KENNETH G. GALE
United States Magistrate

# PENALTIES

**Count 1 – Fentanyl and Heroin Conspiracy**
**21 U.S.C. 846 and 21 U.S.C. 841(b)(1)(C)**

- Punishable by a term of imprisonment of not more than twenty (20) years.
  21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least three (3) years.
  21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $1 million.
  21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00.
  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the penalties are:

- A term of imprisonment of up to thirty (30) years.
  21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least six (6) years.
  21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $2 million.
  21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00.
  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count 2:    18 U.S.C. § 1952(a)(3)**
**[Interstate Travel in Aid of Racketeering]**

- Punishable by a term of imprisonment of not more than 5 years.
  18 U.S.C. § 1952(a)(3)
- A term of supervised release of not more than 3 years.
  18 U.S.C. § 3583.
- A fine not to exceed $250,000.
  18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00.
  18 U.S.C. § 3013(a)(2)(A).

## AFFIDAVIT

I, Aaron L. Chaffee, being duly sworn, hereby depose and say:

1. I have been employed as a Special Agent (SA) of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since January 2015. I am currently assigned to the Wichita Field Office in Wichita, Kansas. As a Special Agent with ATF, I attended the Federal Law Enforcement Training Center's Criminal Investigator Training Program and ATF Special Agent Basic Training. Prior to being employed by ATF, I was employed by the Wichita Police Department (WPD) and some of my assignments included: a Special Community Action Team officer (SCAT) and a Gang Intelligence Officer that specialized in violent crime, gang crime, and drug related investigations. As a Special Agent with ATF and as an Officer with WPD, I have received training in arson, explosives, firearms, tobacco, violent crime, gang related investigation and drug trafficking investigations. As a Special Agent with ATF and as an Officer with WPD, I have conducted and participated in investigations involving, arsons, explosives, firearms, controlled substances, and violent crimes. I have utilized confidential informants to obtain information and evidence, conducted hundreds of interviews with suspects and witnesses, authored affidavits for executed state/federal search warrants and arrest warrants. I have received additional training from ATF, for Fire Investigations and Advanced Investigative Techniques, along with investigating Racketeer Influenced and Corrupt Organizations (RICO) and Violent Crimes in Aid of Racketeering (VICAR).

2. This affidavit is made in support of an arrest warrant and complaint for Danny M. GRIFFIN for violations of Title 21, United States Code, Section 846, Conspiracy

1

to Possess a Controlled Substance with the Intent to Distribute and Title 18, United States Code, Section 1952, Interstate and foreign travel or transportation in aid of racketeering enterprises.

3. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses, and other sources of information relative to firearms investigations. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and arrest warrant, and does not purport to set forth all of my knowledge of or investigation into this matter.

## STATEMENT OF PROBABLE CAUSE

4. I learned that on March 22, 2021, Transportation Security Administration (TSA) at Phoenix Mesa Gateway Airport (PMGA), 6033 S. Sossaman Rd, Mesa, AZ were alerted to luggage that was going through their imaging device that was alarmed for explosives. TSA observed during the imaging device exam, there were two (rectangular) packages causing the alarm as possible explosives. When TSA further examined the luggage, they located a shoebox that contained two (2) rectangular packages wrapped in brown opaque plastic adhesive. Also in luggage was a white paper bag that contained several additional plastic bags filled with blue pills. Upon observing these items, TSA supervision contacted the security checkpoint to notify Mesa Arizona Police Department (MPD).

5. The bag ticket on the luggage had the name Nicole Locke. According to the bag ticket, the luggage was going to Wichita, Kansas, on Allegiant Airlines flight #577.

TSA contacted employees with Allegiant Airlines and had them page Nicole Locke. Nicole Locke returned to the counter and contacted MPD officers. At the counter Nicole Locked inquired to why she was called and MPD officers advised Nicole Locke that there were pills located in her luggage. Nicole Locke became apprehensive, her eyes started to water, and she stated that the luggage belonged to her friend, later identified as Danny GRIFFIN.

6. MPD officers reviewed the airport video surveillance during this time. While doing so, they observed Nicole Locke with Danny GRIFFIN and two other males, later identified as Ricky Armour and Billy Taylor. While reviewing the surveillance, specifically at the time they believed Allegiant Airlines called Nicole Locke to the counter, they observed Nicole Locke approach the counter and observed Danny GRIFFIN walk the opposite direction. MPD officers eventually observed Danny GRIFFIN exiting the airport. MPD learned the only travelers that did not board the flight to Wichita, Kansas, were Danny GRIFFIN and Nicole Locke. Nicole Locke advised they arrived in Phoenix a few days earlier to celebrate a friend's birthday and they were at the airport to fly back to Wichita, Kansas.

7. MPD Detective (Det.) Dawn Hayes arrived at the airport to assist with the investigation. While doing so, MPD Det. Hayes examined the contents of the luggage that revealed, including but not limited to, suspected fentanyl pills (blue pills marked with "M/30"), suspected heroin and suspected cocaine. MPD Det. Hayes submitted this substance for lab testing and revealed the following:

    A. Blue pills marked with "M/30" is fentanyl, weighing approximately 2.53 kilograms (24 plastic bags containing approximately 1000 pills per plastic bag).

3

   B. Substance in the two rectangular packages tested positive for heroin, weighing approximately 1.5 kilograms.

   C. Clear plastic bag of white powder tested positive for cocaine, weighing approximately 26 grams.

8. MPD Det. Hayes submitted the aforementioned items for latent print examination which resulted in the following:

   A. A confirmed fingerprint for Danny GRIFFIN was located on one of the plastic bags containing counterfeit fentanyl pills.

   B. A confirmed fingerprint for Danny GRIFFIN on the exterior of the white trash bag that contained the heroin.

   C. A confirmed fingerprint for Billy Taylor on the exterior of the paper bag that contained the 24 plastic bags of fentanyl.

   D. A confirmed fingerprint for Cesar Rodriguez on the interior of the white trash bag that contained the heroin.

9. According to the High Intensity Drug Trafficking Area (HIDTA) organization, Midwest HIDTA, I learned the current street prices for the total value of the seized drugs was estimated to be $725,688. I have learned through my years of attending trainings as well as conducting numerous investigations into the drug business, investigating individuals who are involved in selling drugs, and conducting investigations into organizations that are involved in the drug business, that they quantity of drugs seized at the airport are not for personal use, but to distribute.

10. On June 29, 2022, approximately six (6) search warrants were executed between Wichita and Liberal, Kansas. The warrants executed in Wichita, included but not limited to, 2501 E. Douglas, #10 and 11307 W. Cindy. I learned from investigators, that

while processing these locations they recovered large quantities of controlled substances. Specifically, some of the suspected controlled substances located at the 2501 E. Douglas #10, were wrapped in cellophane located in shoebox or above the fridge. At both locations, there were large quantities of US currency, some out in the open and some hidden in locations such as the laundry basket, and a digital money counter at the 2501 E. Douglas, #10. Additionally, interviews conducted of the occupants and/or individuals associated to the search warrant locations, revealed admissions of selling drugs and receiving drugs for Danny GRIFFIN. There were firearms and/or ammunition located at the residences in Wichita. Through my training and experience in working drug related the investigations, the quantities of the suspected controlled substances at these locations were for distribution. The warrants executed in Liberal, including but not limited to 25 S. Sherman and 141 W. Pancake, were associated to Danny GRIFFIN. I learned from investigators that large quantities of US currency were located at both locations.

11. I reviewed Danny GRIFFIN's criminal history and learned on February 9, 2005, GRIFFIN was arrested on a federal indictment No. 05-10027-WEB for the distribution of illegal narcotics and attempting to flee or elude a law enforcement officer. He was in federal custody from February 9, 2005 to December 14, 2015, when he was released to a halfway house.  GRIFFIN violated his supervised release and was arrested on July 28, 2016 and was in custody until September 6, 2016.  He was arrested again on November 3, 2016 and was in custody until April 27, 2017.  From his release from federal custody until the current time, GRIFFIN has been arrested several times for aggravated assault, robbery, criminal discharge of a firearm, theft of property, criminal damage to

property, flee and elude, drug trafficking, obstruct, resist arrest, and criminal threat. Currently, GRIFFIN is out on bond after being charged in two separate Sedgwick County, Kansas cases (21CR2486 and 22CR331) for two counts of criminal threat, two counts of criminal discharge of a firearm, four counts of aggravated assault, one count of tampering with an electronic monitoring device, and one count of criminal possession of a firearm.

12.     Based upon all of the information set forth in this affidavit, I believe that there is probable cause to believe that Danny GRIFFIN violated Title 21, United States Code, Section 846, Conspiracy to Possess a Controlled Substance with the Intent to Distribute and Title 18, United States Code, Section 1952, Interstate and foreign travel or transportation in aid of racketeering enterprises.

_____
AARON L. CHAFFEE
Special Agent, ATF

Attested to by the Affiant, in accordance with the requirements of Fed. R. Crim. P. 41(d)(3), by telephone or other reliable electronic means, to wit: telephone conferencing on June **30**, 2022.

_____
HONORABLE KENNETH G. GALE
UNITED STATES MAGISTRATE JUDGE